UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY SHANE KINNARD, JR., | : | CIVIL NO: 1:17-CV-00118 |
| Petitioner | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| ALL MAGISTRATES AND | : | |
| JUDGES OF THE 51st JUDICIAL | : | |
| DISTRICT OF PENNSYLVANIA, | : | |
| | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

The petitioner, Gregory Shane Kinnard, Jr., has filed a petition for a writ of

prohibition and mandamus[1] to preclude all magistrates and judges of the 51st

District Judicial District of Pennsylvania from presiding over his state case in

Adams County, Pennsylvania.   This Court, however, does not have jurisdiction to

issue such a writ of prohibition or mandamus to state court judges.

This Court does have authority, under the All Writs Act, to issue a writ in the

nature of mandamus or prohibition when necessary or appropriate in aid of its

jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651.

But "[u]nder the All Writs Act, Congress has conferred jurisdiction . . . to issue writs

---

[1]   "While Writs of Prohibition and Writs of Mandamus are 'somewhat different,'
"modern courts have shown little concern for the technical and historical difference
between the two writs.'" *United States v. Nagle*, 441 F. App'x 963, 965 (3d Cir.
2011) (quoting *United States v. Santtini,* 963 F.2d 585, 593 (3d Cir.1992)).

of prohibition and mandamus only 'in aid of' our jurisdiction." *In re Whiteford*, No. 13-1351, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (footnote omitted).   In this case, issuing a writ in the nature of prohibition or mandamus would not aid the Court in the exercise of its jurisdiction.

Further, although 28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," Kinnard is not seeking to compel a federal official or employee to perform a duty.   Rather, he is seeking relief as to state judges.   But this Court does not have jurisdiction under 28 U.S.C. § 1361 to issue a writ of prohibition or mandamus to state officials. *In re Rohland*, 538 F. App'x 139, 140 (3d Cir. 2013) ("This Court does not have jurisdiction to issue a writ of mandamus against a state officer or a state court.").

Based on the foregoing, we recommend that Kinnard's petition be dismissed because this Court lacks jurisdiction to issue the writ of prohibition or mandamus requested by Kinnard.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of January, 2017.

_**S/Susan E. Schwab**_
Susan E. Schwab
Chief United States Magistrate Judge