IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY SHANE KINNARD, JR., : | 1:17-cv-118 | |
| : | | |
| Petitioner, : | | |
| : | | |
| v. : | Hon. John E. Jones III | |
| : | | |
| ALL MAGISTRATES AND : | | |
| JUDGES OF THE 51ST JUDICIAL : | | |
| DISTRICT OF PENNSYLVANIA, : | Hon. Susan E. Schwab | |
| : | | |
| Respondents. : | | |

## ORDER

**February 24, 2017**

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 5) of Chief United States Magistrate Judge Susan E. Schwab, recommending that Petitioner's petition for writ of prohibition and mandamus to preclude all magistrates and judges of the 51st District Judicial District of Pennsylvania from presiding over his state case in Adams County, Pennsylvania be dismissed because this Court does not have jurisdiction to issue such a writ of prohibition or mandamus to state court judges, and noting that Petitioner has not filed objections to the R&R, and further noting that there is no clear error on the record,[1] *see Nara*

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes

*v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level") and the Court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record

**IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 5) of Magistrate Judge Schwab is **ADOPTED** in its entirety.

2. The petition for writ of prohibition and mandamus (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge

---

to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.